## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MATTHEW SHERIDAN,

      Petitioner,

     v.

OFFICE OF PERSONNEL
  MANAGEMENT,

      Agency,

    and

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,

      Agency.

DOCKET NUMBER
CB-1205-25-0032-U-1

DATE: June 1, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Matthew Sheridan, Frederick, Maryland, pro se.

Michele Bloom, Esquire, D. Black, Esquire, Eyana Esters, Esquire, and
  Allison Kidd-Miller, Esquire, Washington, D.C., for the Office of
  Personnel Management.

Jennifer Smith, Esquire, and Susan M. Andorfer, Esquire,
  Washington, D.C., for the Department of Health and Human Services.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

On May 1, 2025, the petitioner requested that, pursuant to our authority under 5 U.S.C. § 1204(f), we review whether the Department of Health and Human Services' issuance of a March 31, 2025 reduction-in-force notice, among other things, violated the Office of Personnel Management's regulations and deprived him of due process. Request for Review (RFR) File, Tab 1 at 2. For the reasons discussed below, we DISMISS this matter as withdrawn with prejudice to refiling (i.e., the parties normally may not refile this petition).

While this matter was pending before the Board, the Clerk of the Board issued a May 4, 2026 Order explaining that the petitioner "has been identified as an interested person in another request for regulation review concerning the same agency action, filed on May 2, 2025, through counsel." RFR File, Tab 7 at 1. That matter has been docketed as *Interested RIF Employees–HHS II v. Office of Personnel Management*, MSPB Docket No. CB-1205-25-0036-U-1 and is currently pending before the Board.[2] The May 4, 2026 Order instructed the petitioner to file a pleading "confirming whether he wishes to proceed with his individually filed request for regulation review," through the instant matter or proceed through MSPB Docket No. CB-1205-25-0036-U-1, and withdraw his individual matter. RFR File, Tab 7 at 3, n.2. In response, the petitioner stated that he "voluntarily intend[ed] to withdraw [his] request for regulation review" in this matter, MSPB Docket No. CB-1205-25-0032-U-1. RFR File, Tab 8 at 4. He further stated that he understood that the "withdrawal is with prejudice," and that he "cannot refile [his] request with the Board." *Id.*

In the context of an appeal of an adverse personnel action, the Board has stated that an appellant's relinquishment of her right to appeal to the Board must be by clear, unequivocal, and decisive action. *Cason v. Department of the Army*,

---

[2] MSPB Docket No. CB-1205-0036-U-1 is included in the consolidation, *HHS RIF Regulation Review Consolidation v. Office of Personnel Management*, MSPB Docket No. CF-1205-26-0122 U-1.

118 M.S.P.R. 58, ¶ 5 (2012); *Leno v. Department of Veterans Affairs*, 90 M.S.P.R. 614, ¶ 3 (2002). The Board has also stated that, absent unusual circumstances, the withdrawal of an appeal is an act of finality that has the effect of removing the matter from the Board's jurisdiction. *Pradier v. U.S. Postal Service*, 113 M.S.P.R. 495, ¶ 7 (2010); *Leno*, 90 M.S.P.R. 614, ¶ 3. We discern no reason not to apply those principles in the context of a request for regulation review. *See* 5 C.F.R. § 1203.1(b)(1) (stating that, where appropriate and unless the Board's regulations provide otherwise, the Board may apply the provisions of 5 C.F.R. part 1201, subpart B, to regulation review proceedings).

Here, the petitioner has clearly, unequivocally, and decisively withdrawn his request for regulation review. Thus, finding that withdrawal is appropriate under these circumstances, we dismiss this matter as withdrawn with prejudice to refiling.[3] This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.

_____

[3] This decision has no effect on the petitioner's request for regulation review, MSPB Docket No. CB-1205-25-0036-U-1, that is part of the consolidation, MSPB Docket No. CF-1205-26-0122-U-1. That matter will be decided in a separate decision.